IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Brian Scuccimarri, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. __CIV-23-908-SLP__ |
| | § | |
| Rufnex Oilfield Services LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | COLLECTIVE ACTION |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Brian Scuccimarri ("Plaintiff" or "Scuccimarri"), files this Complaint against Rufnex Oilfield Services LLC ("Defendant" or "Rufnex"), showing in support as follows:

### I.     NATURE OF ACTION

1.     This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Rufnex's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a straight-time basis (i.e., at the same hourly rate for all hours worked including overtime). Furthermore, Defendant paid Plaintiff a per diem, but such per diem should have been included in the calculation of the regular rate for overtime purposes.

2.     Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

### II.     THE PARTIES

**A.     Plaintiff Brian Scuccimarri**

3.     Plaintiff Brian Scuccimarri is an individual residing in Cleaveland County,

Oklahoma. Plaintiff has standing to file this lawsuit.

4. Plaintiff began working for Defendant on or about December 1, 2022. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about May 2, 2023.

5. At all times, Plaintiff was paid hourly on a straight-time basis plus a per diem working for Defendant.

6. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**Defendant Rufnex Oilfield Services LLC**

7. Defendant is a limited liability company organized under the laws of the State of Oklahoma.

8. Defendant's principal place of business is 3120 S. Meridian Ave, Oklahoma City, Oklahoma 73119.

9. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

10. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

11. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

12. Defendant employed two or more employees who regularly engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

13. Furthermore, Defendant employed two or more employees who regularly handled,

sold or otherwise worked on goods and/or materials in his daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include fuel, tools, vehicles, and supplies/materials used in connection with oilfield operation.

14. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

15. Pursuant to the Oklahoma Secretary of State website, Defendant may be served with summons through its registered agent: Rufnex Oilfield Services, at 3120 S. Meridian Ave., Oklahoma City, Oklahoma, 73119.

### III.   JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

17. The United States District Court for the Western District of Oklahoma has personal jurisdiction over Defendant because Defendant does business in Oklahoma and in this District, because Defendant is headquartered in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Oklahoma and in this District.

18. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV.   FACTUAL BACKGROUND

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. Plaintiff was employed by Defendant as a Rustabout in connection with its oilfield and construction services company specializing in waste removal and clean-up, hydrovac safe

digging services, and water truck and water transport.[1] His primary job duties involved case rolling and cellar pump jobs.

21. At all material times Plaintiff was paid at the same hourly rate for all hours worked including overtime ("straight time pay"). Defendant also paid Plaintiff a per diem unrelated to expenses incurred, if any. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

22. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed about 60 hours per workweek. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek. Defendant also failed to include all remunerations paid, like its per diem payments to Plaintiff, when calculating the regular rate for overtime purposes.

23. Defendant misclassified Plaintiff and other similarly situated employees as independent contractors, paying them with IRS tax form 1099s.

24. But plaintiff and similarly stated workers, as a matter of economic reality,[2] were in fact Defendant's employees under the FLSA.

25. Plaintiff and similarly situated employees retained no control over their work. Defendant told Plaintiff where to go, what to do, how to prepare and perform work, and how long he would be performing Defendant's services. Defendant set Plaintiff and similarly situated employees' hours of work/shift, and they worked consistent hours.

26. Plaintiff did not provide his own tools or materials. Rather, he used tools that were provided by Defendant or its customers.

---

[1] https://www.rufnexindustrial.com/about (last visited on 10/9/2023).

[2] *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008).

27. Plaintiff and similarly situated employees did not have the ability to hire or fire subcontractors. Rather, Plaintiff was required to perform the duties of a roustabout himself.

28. Plaintiff and similarly situated employees were unable to provide services for another company while working for Defendant and were economically dependent on Defendant's payment of wages for their livelihood. Plaintiff and similarly situated workers did not market themselves or their services to other potential clients or customers. Rather, Plaintiff simply worked as a roustabout as Defendant assigned him to work.

29. Plaintiff and similarly situated employees had no opportunity to maximize their profits through any special initiative or business acumen and had no opportunity for loss. Rather, they were simply paid for every hour that they worked. Furthermore, Plaintiff and similarly situated workers could not negotiate their respective pay rates, rather, pay was offered on a "take it or leave it" basis.

30. Plaintiff and similarly situated employees' respective employment relationships with Defendant were not for a defined period of time, but more closely resembled an at-will employee relationship.

### V.     FLSA CLAIMS FOR OVERTIME PAY

31. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

32. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

33. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

34. Plaintiff is/was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

35. Plaintiff was not exempt from overtime under the FLSA.

36. Plaintiff was paid on a straight-time hourly basis by Defendant.

37. At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

38. Defendant is/was required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

39. Defendant failed to pay Plaintiff one and one-half times his respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

40. Defendant failed to include all remunerations paid when calculating the regular rate for overtime rate purposes.

41. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

42. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

43. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

44. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    JURY DEMAND

45. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which Plaintiff has a right to jury trial.

## VII.    DAMAGES AND PRAYER

46. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

    b. All damages allowed by the FLSA, including back wages;

    c. Liquidated damages in an amount equal to FLSA-mandated back wages;

    d. Legal fees;

    e. Costs;

    f. Post-judgment interest;

    g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: October 11, 2023.

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas State Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas State Bar No. 24080773
marbuckle@wageandhourfirm.com
**WAGE AND HOUR FIRM**
5050 Quorum Drive, Suite 700
Dallas, TX 75254
(214) 489-7653 – Telephone
(469) 489-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS