IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Brian Scuccimarri, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.5:23-cv-00908-SLP |
| Rufnex Oilfield Services LLC, | § § | |
| Defendant. | § § § | |

## MOTION FOR LEAVE TO PROCEED WITHOUT
## ASSOCIATION OF LOCAL COUNSEL

Plaintiff Brian Scuccimarri ("Scuccimarri" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Motino for Leave to Proceed without Association of Local Counsel in compliance with LCvR83.3(c).

### I.  RELEVANT FACTUAL BACKGROUND

Plaintiff's counsel, Ricardo J. Prieto, was admitted to this District Court on November 23, 2021. Counsel has been licensed and admitted to practice law in the state of Texas since May 5, 2008 (15 years). Counsel has appeared of record in cases in the Western District of Oklahoma without local counsel on four prior occasions:

- *Knight v. Longbow Logistics LLC*, No. 5:21-cv-01113 (Nov. 23, 2021)
- *Filer v. Nine Energy Serv. Inc.*, No. 5:21-cv-01114 (Nov. 23, 2021)
- *Armstrong v. Chesapeake Energy Corp.*, 5:22-cv-00225 (Mar. 18, 2022)

A summary of Mr. Prieto's other federal admissions is attached hereto as Exhibit A. Mr. Prieto has no disciplinary history before any court, nor has any claim of malpractice or grievance ever been filed against him.

Counsel certifies that he has familiarized himself with the local rules and procedures of this Court. In particular, Counsel has familiarized himself with the role of local counsel. In the

Western District of Oklahoma, per LCvR83.3, the role of local counsel is limited to the following (1) sponsoring the filing of a *pro hac vice* motion on behalf of non-resident counsel and certifying that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney resides or is licensed; (2) signing the first pleading filed and continuing in the case; and (3) receiving service of notices, pleadings, and other documents with the same effect as if personally served on the non-resident attorney. In this instance, the first responsibility is unnecessary – Counsel is admitted to practice before this Court. The second responsibility has been obviated by the filing of the first pleading by Mr. Prieto who is admitted. The third requirement is made less necessary by the normal practices of electronic filing and standard agreements to receive discovery and other notices via e-mail. In these and all other respects, Mr. Prieto will dutifully discharge his duties without the necessity of obtaining local counsel. Indeed, barring any normal scheduling conflicts, counsel can personally appear before this Court upon one business day's notice.

## II.  ARGUMENT AND AUTHORITIES

The Western District of Oklahoma's Local Rules state:

> When representing a party in this Court, any attorney who is not a resident of and does not maintain an office in Oklahoma must show association with an attorney who is personally appearing in the action, is a resident of and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this Court.

LCvR83.3 (a) Responsibilities of Non-Resident Counsel. However, the Rules also provide:

> Relief from this rule is within the court's discretion upon
> motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules.

LCvR83.3 (c) Exemptions.

Counsel for Plaintiff is well-qualified to proceed without local counsel due to proximity to the Court, his admission to practice in this District, and his knowledge and familiarity with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Rules of the Western District of Oklahoma. Counsel for Plaintiff has extensive subject matter knowledge of labor and employment law, is admitted to practice in multiple federal district and appellate courts, and has no record of disciplinary or legal malpractice actions or claims, and is familiar with the facts and issues in this case.

Allowing Plaintiff's counsel to proceed without local counsel will not result in prejudice to any Party, nor will it result in extraordinary delays in any proceeding. To the contrary, relieving Plaintiff of the burden of obtaining local counsel will avoid duplication of effort and unnecessary expense and will promote efficiency.

### III. CONCLUSION AND PRAYER

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant his Counsel leave to proceed without the association of local counsel. Plaintiff requests such other and further relief to which he has shown himself justly entitled.

Dated: October 17, 2023.                Respectfully submitted,

                                                   By:    */s/ Ricardo J. Prieto*
                                                   Ricardo J. Prieto
                                                   Texas State Bar No. 24062947
                                                   rprieto@wageandhourfirm.com
                                                   Melinda Arbuckle
                                                   Texas State Bar No. 24080773

marbuckle@wageandhourfirm.com
**WAGE AND HOUR FIRM**
5050 Quorum Drive, Suite 700
Dallas, TX 75254
(214) 489-7653 – Telephone
(469) 489-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS